UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES RAYMOND ZWICK, | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:11-CV-0629 |
| v. | : | |
| | : | (Judge Caldwell) |
| WARDEN RONNIE HOLT, | : | |
| | : | |
| Respondent | : | |

*M E M O R A N D U M*

I.   *Introduction*

The pro se petitioner, James Raymond Zwick, a federal inmate at the Canaan United States Penitentiary (USP-Canaan), in Waymart, Pennsylvania, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Federal Bureau of Prisons (BOP) calculation of his sentence. Named as Respondent is Ronnie Holt, Warden at USP-Canaan.

Zwick is serving a 77-month federal prison term for bank robbery. He alleges the BOP improperly calculated his sentence by failing to run his federal sentence not just concurrent with his state sentence but "retroactively concurrent," as the sentencing court supposedly ordered. He seeks credit toward his federal sentence for the time period between November 26, 2007, the date of his arrest for bank robbery, through October 22, 2008, the date he completed his state sentence. Doc. 1, Pet. at CM/ECF p. 5.[1]

---

[1] Unless otherwise noted, all citations to the record are to the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

For the reasons that follow, the court concludes that the BOP properly calculated the commencement date of Petitioner's federal sentence and has awarded him all jail credit to which he is entitled. Accordingly, Petitioner's habeas petition will be denied.

II.     *Background*

We take this background from the brief and exhibits submitted by Respondent. We also rely on the sentencing court's memorandum addressing Zwick's 28 U.S.C. § 2255 motion to vacate or correct his sentence. *United States v. Zwick*, No. 10-1449, 2011 WL 666182 (W.D. Pa. Feb. 14, 2011).

On November 26, 2007, Zwick was arrested by local police for robbing a bank in Bellevue, Pennsylvania, and immediately committed to the Allegheny County Jail. On November 30, 2007, he made bail on this charge, but because he was on bond for two prior state cases at the time of his arrest, he remained incarcerated in the county jail. Doc. 8-1, Erickson Decl. ¶¶ 4-5. The two prior state charges involved:

> (1) a conviction for robbery-bodily injury at CC200705412 in the Court of Common Pleas of Allegheny County arising from events which occurred on December 27, 2006; and, (2) convictions for habitual offender, possession of a controlled substance, possession of drug paraphernalia, careless driving, driving while operating privileges suspended at CC200703956, also in the Court of Common Pleas of Allegheny County arising from events which occurred on February 19, 2007.

*Zwick*, 2011 WL 666182, at *1.

On December 4, 2007, a federal grand jury sitting in the Western District of

Pennsylvania indicted Zwick for the November 26, 2007, bank robbery,[2] and an arrest warrant was issued. Erickson Decl. ¶ 6. On December 6, 2007, a writ of habeas corpus *ad prosequendum* was issued, and a detainer was placed by the United States Marshals Service against Zwick at the county jail. *Id*. ¶ 7.

On December 12, 2007, Zwick was sentenced in the Allegheny County Court of Common Pleas on his two pending state cases (CC200705412 and CC200703956). *Id.* ¶ 8; Zwick, 2011 WL 666182, at *2. In the first case, he was sentenced to 12- to 24-months imprisonment to be served concurrently to any other sentences he was or will serve. In the second case, he was sentenced to two years' probation. *Id*.

On December 28, 2007, pursuant to the ad prosequendum writ, Zwick was transported from the county jail for an initial appearance in federal court. Erickson Decl. ¶ 9. The court issued a temporary order of detention, noting that Zwick "shall remain in the custody of the federal government pending arraignment and detention proceedings on January 3, 2008." *Zwick*, 2011 WL 666182 at *2. Despite the federal court's order, Zwick was mistakenly transferred on January 2, 2008, to the State Correctional Institution in Greene County (SCI-Greene). He was returned to the Allegheny County Jail on January 8, 2008, and appeared in federal court for arraignment on January 16, 2008. *Id*.; Erickson Decl. ¶ 9. He was returned to the Allegheny County Prison at that time, but on March 7, 2008, he was transferred to the Northeast Ohio Correctional Center, a privately run correctional center. Doc. 10, Pet'r's reply brief, CM/ECF p. 7. Pennsylvania placed a detainer on him while he was at this facility. Doc. 1, ¶ 13.

---

[2] The state charges for the November 26, 2007, robbery were withdrawn on December 20, 2007.

After pleading guilty to the federal robbery charge, Zwick was sentenced on September 30, 2008, in the United States District Court for the Western District of Pennsylvania, to 77 months in prison to be followed by three years of supervised release. *Zwick*, 2011 WL 666182, at *3; Erickson Decl. ¶ 10.

On October 3, 2008, the United States Marshals Service returned Zwick to the custody of the Allegheny County Jail and lodged the federal judgment and conviction as a detainer against him. Erickson Decl. ¶ 11. On October 22, 2008, Zwick completed his Pennsylvania state sentence and was released to the custody of the United States Marshals. *Zwick*, 2011 WL 666182, at *4; Erickson Decl. ¶ 12.

Although the federal sentencing court orally stated at sentencing that Zwick's sentence was to run concurrent with his state sentence, that information was omitted from the sentencing order. *Zwick*, 2011 WL 666182 at *4 (internal citations omitted). On July 9, 2010, the sentencing court issued an order under Fed. R. Crim. P. 36 modifying Zwick's sentence, explicitly directing that his 77-month term of imprisonment be served concurrently with his pre-existing state sentence. *Zwick*, 2011 WL 666182, at *4; Erickson Decl. ¶ 13; Doc. 1, Ex. C.

Zwick filed an administrative remedy request with the BOP seeking jail credit from November 26, 2007, the date of his arrest, through October 22, 2008, the date he completed his state sentence, now that his federal sentence was modified to run concurrently with his state sentence. *Id*. at CM/ECF p. 30.

Upon review of Zwick's Administrative Remedy appeal, the BOP recomputed his federal sentence pursuant to 18 U.S.C. 3585(b). It commenced the running of his

federal sentence from the date it was imposed, September 30, 2008.  *See Id*. at CM/ECF p. 31; Erickson Decl. ¶ 18 and Doc. 8-2, Resp't's Exs. at CM/ECF pp. 26-27.  Prior custody credit was awarded from November 26, 2007, the date of his robbery arrest, through December 11, 2007, the day before his state sentence was imposed.  *Id*.  The BOP awarded Zwick a total of 16 days' jail credit as a result of his federal sentence modification.  Doc. 8-2 at CM/ECF p. 27.  Using these calculations, Zwick is currently projected to be released on April 17, 2014, via Good Conduct Time Release.  Erickson Decl. ¶ 19.

III.     *The Pertinent Law*

The Attorney General, through the BOP, is responsible for computing the amount of time that must be served on a federal sentence.  *See* 18 U.S.C. § 3585; 28 C.F.R. § 0.96 (1992); *United States v. Wilson*, 503 U.S. 329, 331-32, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992).  The BOP's decision is subject to judicial review under 28 U.S.C. § 2241.  *See United States v. Romero*, 348 F. App'x 803, 805 (3d Cir. 2009) (nonprecedential) (citing *United States v. Brann*, 990 F.2d 98, 103-04 (3d Cir. 1993)).

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and consists of a two-step process: (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit to which petitioner may be entitled.  *Chambers v. Holland*, 920 F. Supp. 618, 621 (M.D. Pa. 1996), *aff'd,* 100 F.3d 946 (3d Cir. 1996).

Section 3585(a) governs the commencement of service of a federal sentence and provides that a sentence commences "on the date that the defendant is

received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).  The BOP interprets 18 U.S.C. § 3585(a) so that the earliest a federal sentence could possibly be deemed to begin is the date it was imposed.  *See Rashid v. Quintana*, 372 F. App'x 260, 262 (3d Cir. 2010) (nonprecedential).

Additionally, when a federal sentence is imposed upon a defendant who is in primary state or local custody, the non-federal custodian (here Pennsylvania), retains primary jurisdiction over the prisoner.  Federal custody may not commence until the non-federal custodian relinquishes the prisoner upon satisfaction of the prisoner's state obligation.  *Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000), *superceded on other grounds as stated in United States v. Saintville*, 218 F.3d 246, 248-49 (3d Cir. 2000).  Accordingly, it is well established that a federal sentence does not commence when a defendant is taken into federal custody from state custody pursuant to a writ of habeas corpus *ad prosequendum*, *Ruggiano v. Reish*, 307 F.3d 121, 126 (3d Cir. 2002), because the state remains the primary custodian in those circumstances.  *See also Chambers*, 920 F. Supp. at 622.

The second part of the calculation, credit for time spent in custody prior to the commencement of the federal sentence, is controlled by 18 U.S.C. § 3585(b).  This section provides the following:

> (b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

>> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

> that has not been credited against another sentence.

*Id*. Thus, under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence. "Congress made clear that a defendant could not receive double credit for his detention time." *Wilson*, 503 U.S. at 333, 112 S.Ct. at 1354.

While 18 U.S.C. 3585(b) bars crediting a federal term with time already counted toward another sentence, *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971), establishes an exception to that rule, the so-called *"Willis"* credit. Under *Willis,* the BOP grants prior custody credit, even if it results in double credit, when a defendant's state sentence runs concurrently with a longer federal sentence. In those circumstances, time spent in *presentence* state custody up to the date the state sentence is imposed is credited toward time served on the federal sentence even if the defendant also received credit on his state sentence for the same period of time. *Id.*

Finally, although a district court may not award "credit" to a defendant for time served while in presentence custody, U.S.S.G. § 5G1.3, captioned, "Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment," allows a district court to grant a "downward departure" or "adjustment" to the defendant's sentence to account for time served while in presentence custody distinct from the BOP's authority under 18 U.S.C. § 3585(b) to award "credit." Generally, the court can do so if the prior

offense is "relevant conduct" for the federal offense. See U.S.S.G. § 5G1.3(b). In other cases, pursuant to § 5G1.3(c), "the sentence for the [federal] offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the [federal] offense."

IV.     *Discussion*

Zwick contends that the BOP improperly refused to give him jail credit for the period from November 26, 2007, the date of his arrest for the bank robbery, through October 22, 2008, the date he completed his state sentence. He bases this contention on his belief that the sentencing court made his federal sentence retroactively concurrent. During a large portion of the time he spent in custody before his federal sentencing, from December 28, 2007, through October 22, 2008, he was also being held by federal authorities on an ad prosequendum writ, and confined elsewhere than in Pennsylvania correctional facilities. Consequently, he also believes that this confinement was federal and is an additional basis for the credit he seeks. Neither argument has merit.

We begin by noting that Zwick has already received credit for a portion of the time he has placed at issue. The BOP has given him *Willis* credit for the period from November 26, 2007, through December 11, 2007. Thus we deal only with credit for the time between December 12, 2007, and October 22, 2008.

Zwick's argument that the sentencing judge intended to make his sentence "retroactively concurrent and adjusted pursuant to § 5G1.3(c)," Doc. 1 at CM/ECF p. 5, is incorrect. Zwick presented this argument to the sentencing court during his 2255 proceedings, which disagreed with him. As to the section 5G1.3(c) issue, the court stated:

"The Court did not grant Defendant's motion for a variance and it did not grant a downward departure nor adjustment to the length of Defendant's sentence under Guideline § 5G1.3." *United States v. Zwick*, No. 10-1449, 2011 WL 666182, at *7-8 (W.D. Pa. Feb. 14, 2011).  As to the retroactively-concurrent issue, the July 9, 2010, order modifying the original sentencing order establishes that the sentencing court imposed a concurrent sentence, not a retroactively concurrent one.

Zwick was not sentenced on his federal robbery charge until September 30, 2008.  That means his federal sentence can only be deemed to be served concurrently with the unserved portion of the state sentence from that date, as the federal sentence cannot commence before the date it was imposed.  The BOP's calculation reflects this requirement, and Petitioner has no basis for questioning it.

Nor can Zwick benefit from the fact that he was being held on an ad prosequendum writ for about ten months from December 28, 2007, through October 23, 2008. Although on loan to federal authorities during this time, Zwick was in the primary custody of Pennsylvania.  This period of time was credited toward the state sentence he was serving.[3]  In these circumstances, Zwick is not entitled to credit, essentially double credit, on his federal sentence for this time period.  *See Rios, supra,* 201 F.3d at 273 n.14, 275 (22 months spent in federal custody on an ad prosequendum writ would not be credited to the defendant's federal sentence as he was in the primary custody of the state and had received credit on his state sentence for this time).  It is immaterial that Zwick spent all or any portion of this time outside the physical custody of Pennsylvania

---

[3] And in any event, Zwick had already begun serving his federal sentence on September 30, 2008, the date the sentence was imposed.

authorities.

V.     *Conclusion*

For all of these reasons, Zwick's arguments that he should receive additional credit toward his federal sentence for the time he spent in custody prior to the imposition of his federal sentence are rejected.  The BOP rightly calculated Zwick's sentence as commencing on September 30, 2008, the date that it was imposed, and properly awarded him 16 days' *Willis* credit.  Based on the foregoing, Zwick's petition for writ of habeas corpus will be denied.

        /s/ William W. Caldwell
     William W. Caldwell
     United States District Judge

Date: December 12, 2011

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES RAYMOND ZWICK,          :
                              :
         Petitioner           :
    v.                        :    CIVIL NO. 1:11-CV-0629
                              :
WARDEN RONNIE HOLT,           :    (Judge Caldwell)
                              :
         Respondent           :

*O R D E R*

AND NOW, this 12th day of December, 2011, for the reasons set forth in the accompanying memorandum, it is ordered that:

    1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is denied.

    2. Petitioner's Motion to Expedite (Doc. 15) is denied as moot.

    3. The Clerk of Court is directed to close this file.

                                                /s/ William W. Caldwell
                                                  William W. Caldwell
                                                  United States District Judge