IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES RAYMOND ZWICK,:
    Petitioner:
:  CIVIL NO. 1:11-CV-0629
    v.:
:  (Judge Caldwell)
WARDEN RONNIE HOLT:
    Respondent:
:

*M E M O R A N D U M*

        The pro se petitioner, James Raymond Zwick, has filed a motion under Fed. R. Civ. P. 60(b) for relief from our order of December 12, 2011. That order denied Petitioner's motion under 28 U.S.C. § 2241 seeking credit on Petitioner's federal sentence for time he spent incarcerated on a state sentence. The memorandum accompanying that order provides the background for our disposition of the current motion. *See Zwick v. Holt*, 2011 WL 6151459 (M.D. Pa.).

        In moving for unspecified relief, Petitioner argues that a sentence status summary prepared by the Pennsylvania Department of Corrections on December 7, 2012, indicates that there was fraud in the custody documentation of the Federal Bureau of Prisons (BOP).

        We will deny the motion.[1] The sentence status summary is a form, DC16E, setting forth information about the state sentence Petitioner was seeking credit on for his

---

[1] Petitioner relies on Rule 60(b)(1), (2) and (3), all of which require that the motion be flied within one year of the order from which relief is sought. Respondent presents a strong argument that the motion is untimely, but we will bypass that issue and deal with the merits.

federal sentence. In pertinent part, it lists the offense, robbery with serious bodily injury; the sentencing date, December 12, 2007; the sentence imposed, one to two years; the minimum expiration date of the sentence, November 12, 2008, and the maximum expiration date, November 27, 2009; a "commitment credit," essentially credit for pre-sentence custody, running from November 27, 2007, the date of Petitioner's arrest by local authorities, until November 12, 2007, the state sentencing date. In the remarks section of the form, the following appears: "Currently in custody of the BOP; if returned to the PA DOC sentence computations should be reviewed for an (sic) additional information that was not available at the time of computation." (Doc. 24, ECF p. 11). The form also shows he has no active or deleted detainers. (*Id.*, ECF p. 13).

According to Petitioner, this form shows that he was given state credit on his sentence for the period from November 27, 2008, his minimum expiration date, through November 27, 2009, his maximum expiration date, and that a state detainer had been removed as a result of the calculation. Petitioner contends the form shows that the BOP had placed fraudulent information in his federal sentencing calculation because that calculation stated that he was released from his state sentence on October 22, 2008, yet Pennsylvania by way of the sentence status summary gave him credit for the period from November 27, 2008, through November 27, 2009. He also questions how the BOP could

give him credit for the period between December 12, 2007, the state sentencing date, and October 22, 2008, when there was a state detainer on him until December 5, 2012.[2]

This form does not establish any fraudulent conduct on the part of the BOP. It is simply a sentencing calculation form. It did not give Petitioner credit on his state sentence from November 27, 2008, through November 27, 2009. It merely established those dates as the minimum and maximum expiration dates of his sentence, undoubtedly based on the sentencing date of November 27, 2007, as part of the information the form was intended to ascertain, the time Petitioner was required to serve on his sentence. The remarks section contemplates that the computations could change if additional information became available.

Petitioner is also incorrect in asserting the form removed a Pennsylvania detainer; the form indicates there never was a detainer on Petitioner. This is buttressed by the federal "sentence monitoring computation data" sheet indicating at various times that there was no detainer on Petitioner and that he is eligible for home detention on October 17, 2013. (Doc. 1, ECF p. 17; Doc. 8-2, ECF p. 26; Doc. 24, ECF p. 6).[3]

---

[2] The form appears to have been prepared on December 7, 2012. December 5, 2012, is listed as the "reception date," in most circumstances the date an inmate is taken into state custody, but which cannot be true here as Petitioner has been in federal custody since October 22, 2008, the date Petitioner completed his state sentence.

[3] Petitioner is also incorrect in asserting that the BOP gave him credit on his federal sentence for the period between December 12, 2007, the state sentencing date, and October 22, 2008, the date he was released from state custody. The federal sentence was not retroactively concurrent, so Petitioner only received credit on his federal sentence beginning September 30, 2008, the date the federal sentence was imposed.

-3-

Petitioner also uses this form to attempt to resurrect his claim that the United States violated his rights under the Interstate Agreement on Detainers Act. 18 U.S.C. App. 2, §§ 1-9. We need not deal with this claim because it was not presented in the 2241 petition. Moreover, it was rejected in the sentencing court when presented as part of Petitioner's motion under 28 U.S.C. § 2255. *United States v. Zwick*, No. 07-CR-745, 2011 WL 666182, at *16-18 (W.D. Pa. Feb. 14, 2011).

In closing, as Respondent points out, the sentence status summary does not alter the BOP's sentencing calculation. We will issue an appropriate order.

/s/ William W. Caldwell  
William W. Caldwell  
United States District Judge

August 19, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES RAYMOND ZWICK,<br>    Petitioner<br><br>    v.<br><br>WARDEN RONNIE HOLT<br>    Respondent | :<br>:<br>:  CIVIL NO. 1:11-CV-0629<br>:<br>:  (Judge Caldwell)<br>:<br>:<br>: |

*O R D E R*

AND NOW, this 19th day of August, 2013, it is ordered that Petitioner's (Doc. 23) motion under Fed. R. Civ. P. 60(b) is DENIED.

                                           /s/ William W. Caldwell
                                          William W. Caldwell
                                          United States District Judge